**The STATE of Ohio, Appellee,**

**v.**

**MARBURY, Appellant.**

[Cite as *State v. Marbury* (1995), 104 Ohio App.3d 179.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67929.

Decided May 30, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *David Zimmerman,* Assistant Prosecuting Attorney, for appellee.

*Edward S. Wade, Jr.,* for appellant.

PATTON, Chief Justice.

Defendant-appellant, Ronald Marbury appeals from the trial court's ruling that he must pay $12,000 in restitution.

Marbury entered a plea of guilty to an amended indictment of attempted grand theft in violation of R.C. 2923.02, a felony of the fourth degree. The following facts were adduced at Marbury's sentencing and restitution hearing.

Marbury was the night manager of Angela Mia Pizza during 1993. The owner of the pizza shop noticed that his revenue had been decreasing since Marbury became the night manager. Subsequently, the owner installed a hidden camera over the cash register to try to determine the reason for the decrease in revenue at the restaurant. During a one-week period Marbury was taped taking $310.

The owner of the pizza shop was not available to testify; however, the state provided figures to the trial court which demonstrated the increase in revenue after Marbury was arrested and fired from the restaurant. The state presented evidence that the owner compared his revenue for a six-month period in 1993, the year Marbury was stealing from him, to the same six months in 1994, after Marbury was fired. The owner found his revenues increased in 1994 by an average of $9,132.50 per month, over the six-month period that Marbury was no longer working for him, amounting to $54,795.

The trial court found the evidence to show that Marbury worked for the owner for sixty-six weeks and stole $300 per week, amounting to $19,800 in restitution. However, the trial court reduced the amount to $12,000 and ordered Marbury to pay it to the owner over a three-year period.

Marbury's sole assignment of error states:

"The trial court committed reversible error by ordering defendant-appellant to pay restitution to the alleged victim for damages which were not caused by the defendant-appellant and which were speculative in amount and arbitrary as to being the actual loss to the victim."

Marbury maintains that the trial court committed reversible error by ordering him to pay restitution to the alleged victim for damages which were not caused by him and which were speculative in amount and arbitrary as to being the actual loss to the victim. Specifically, Marbury claims that the court's order to pay $12,000 in restitution does not have a reasonable relationship to the actual loss experienced by the owner of the pizza shop.

■ Initially, we note that Marbury failed to object at the restitution hearing. It has long been the rule in Ohio that an appellate court need not consider an error which was not objected to at the proceedings below. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364. However, Crim.R. 52(B) states:

"Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

We have determined that plain error exists in this case for the following reasons.

■ Ohio law is clear that "there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." *State v. Williams* (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270, 1272.

In *Williams, supra*, 34 Ohio App.3d 33, 516 N.E.2d 1270, the sums claimed to be lost were never identified with certainty prior to the order of restitution. The figures presented to the court were simply estimated.

■ This court held in *State v. Hansen* (Mar. 22, 1990), Cuyahoga App. No. 56778, unreported, at 4, 1990 WL 32589, that where evidence of actual losses is not forthcoming from those claiming restitution the trial court abuses its discretion in ordering restitution.

■ In the present case, the pizza shop owner never submitted any documentary evidence of loss to the court. Therefore, the restitution amount ordered cannot be said to bear a reasonable relationship to the actual losses suffered since

the actual losses were never shown with reasonable certainty by the owner of the pizza shop. This court is not disputing that substantial economic loss was suffered by the pizza shop owner. However, the loss claimed was not substantiated by any documentary evidence.

Accordingly, Marbury's assignment of error is sustained, and the cause is remanded with instructions to vacate the prior order of restitution and enter an order requiring Marbury to pay $310.

*Judgment accordingly.*

JAMES D. SWEENEY and PORTER, JJ., concur.