OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Mary J. DiJohn, pled no contest to one count of attempted arson in violation of R.C. 2923.02 and 2909.03(A)(1) and (B)(2)(b), a fifth degree felony. As part of that sentence, the court ordered appellant to pay restitution in the amount of $15,000 to her ex-husband, Victor DiJohn. From that judgment, appellant now raises the following assignment of error:
 "THE LOWER COURT ERRED AS TO THE RESTITUTION PORTION OF ITS SENTENCE OF THE DEFENDANT-APPELLANT, MARY J. DIJOHN, PURSUANT TO OHIO REVISED CODE SECTION 2929.18(A)(1) IN THAT SAME WAS SPECULATIVE IN AMOUNT AND ARBITRARY AS TO BEING THE ACTUAL ECONOMIC LOSS TO THE VICTIM."
On May 1, 1998, appellant was indicted and charged with one count of arson for the February 21, 1998 fire at the home of Victor DiJohn. Initially, appellant pled not guilty to the charge; however, on June 29, 1998, appellant withdrew her prior plea and entered a plea of no contest to the lesser offense of attempted arson. At the proceeding in which appellant changed her plea, the court notified her on the record that the court would likely order her to pay restitution as part of her sentence. After informing appellant of her constitutional rights and ascertaining that appellant's plea was a knowing, intelligent and voluntary waiver of those rights, the court found appellant guilty of attempted arson.
Subsequently, on July 30, 1998, the parties appeared in court for sentencing. After indicating that she had reviewed the presentence report and a victim impact statement, and after giving appellant and her attorney an opportunity to speak, the court allowed Victor DiJohn to make a statement. Initially, Mr. DiJohn recited the numerous problems he had had with appellant. The court, however, then questioned Mr. DiJohn as follows:
 "THE COURT: When you're looking at a restitution order, what are we talking about in terms of monetary damages?
 "MR. DIJOHN: I went to the bank, I had a [sic] two different people to come in, American Builders and another company, and they're looking at about $50,000.
"THE COURT: What was the pay off from State Farm?
 "MR. DIJOHN: The initial check was $55,800 and something, in which case they're going to take 38,000 then.
"THE COURT: For the mortgage?
 "MR. DIJOHN: For the mortgage. Then I have to pay probably about 15,000 in attorney fees to defend myself against her, and then I have to give her 7,500 more dollars in the divorce decree out of that same check which roughly leaves me with $1,000. Of course my premiums go right through the roof.
 "As of today, news to me she works. As far as I knew what she did was sit around and scheme to get back at me. All I ask is justice. She skated through everything, and probably, a psychiatric hospital or something because there's something definitely wrong and she's going to hurt somebody, whether it be herself or me or somebody else. So I thank you, and that's about all I have to say."
The court then sentenced appellant and included in that sentence an order that she pay restitution to Victor DiJohn in the amount of $15,000. Appellant's counsel did not object to the restitution order. A judgment entry documenting appellant's sentence, including the restitution order, was journalized on July 31, 1998. It is from that order that appellant now appeals.
In her sole assignment of error, appellant contends that the trial court erred in ordering her to pay $15,000 in restitution when there was no competent, credible evidence in the record to support that order. The state concedes that while nothing in the record supports the amount of restitution ordered by the trial court, appellant's trial counsel failed to object and, therefore, appellant has waived her right to challenge the order before this court.
It is well-settled that an appellate court need not consider an error which an appellant failed to bring to the trial court's attention through an objection. State v. Williams (1977),51 Ohio St.2d 112, paragraph one of the syllabus. However, under Crim.R. 52(B), this court may consider an error which, though not brought to the attention of the trial court, rises to the level of plain error. That is, we may consider the error where, "but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91, 97.
R.C. 2929.18(A)(1) allows a trial court to order an offender to pay restitution to the victim of the offender's crime "* * * in an amount based on the victim's economic loss." In an order of restitution, the amount of restitution must bear a reasonable relationship to the loss suffered. State v. Marbury
(1995), 104 Ohio App.3d 179, 181. Thus, restitution is limited to the actual loss caused by the defendant's criminal conduct for which he was convicted. State v. Brumback (1996), 109 Ohio App.3d 65,82. There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. Id. at 83; Statev. Warner (1990), 55 Ohio St.3d 31, 69; State v. King
(Feb. 27, 1998), Wood App. No. WD-97-015, unreported. Where the amount of restitution ordered does not bear a reasonable relationship to the loss suffered, the outcome of the trial as to the matter of restitution clearly would have been otherwise and therefore amounts to plain error. State v. Clark (June 19, 1998), Greene App. No. 97-CA-26, unreported; City of Xenia v. Smith (June 30, 1995), Greene App. No. 94-CA-110, unreported.
In the proceedings below, there was no evidence to support the trial court's restitution award of $15,000. While it is apparent that Mr. DiJohn suffered some economic loss, his estimate that his damages approximated $50,000 did not amount to evidence of such a loss. Mr. DiJohn was not sworn in and he did not present any documentary evidence to support that damage claim. Rather, he gave a victim impact statement which included the colloquy quoted above. Such was insufficient to support the trial court's order. Marbury, supra.
Accordingly, we find that because there was no competent, credible evidence in the record from which the court could ascertain the actual economic damages suffered by the victim, the trial court erred in ordering appellant to pay restitution of $15,000 to the victim and the sole assignment of error is well-taken.
The judgment of the Lucas County Court of Common Pleas is reversed with regard to the restitution order and affirmed in all other respects. This cause is remanded to that court for further proceedings on the restitution matter consistent with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., JUDGE
James R. Sherck, J., JUDGE
Mark L. Pietrykowski, J., JUDGE
CONCUR.