OPINION
This appeal is brought by Bobby L. Johnson, Appellant, from the judgment of the Court of Common Pleas of Auglaize County, convicting him of one count of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1) and one count of having weapons under disability in violation of R.C.2923.13(A)(3). For the reasons that follow, we affirm the conviction and sentence and reverse the order of restitution.
On March 21, 1998, Appellant, Bobby Johnson, age seventy-one, transported Elishia Welsh, age thirteen, from her home in Greenville, Tennessee to Wapakoneta, Ohio. Johnson had previously been married to Welsh's mother. The purpose of the trip was that Elishia's mother had made arrangements for Elishia to reside with Appellant until she and her current husband "got things worked out." For this privilege, Appellant paid Elishia's mother two hundred dollars.
At some point in time during the day that Appellant and Elishia arrived at Appellant's mobile home at the Four Seasons Trailer Park in Wapakoneta, Elishia went to the bathroom to take a shower. During the shower, Appellant began taking Polaroid photographs of Elishia while she was nude. Elishia then made a telephone call to her aunt, Debra Mollett, who lived in Marion, Ohio. During this phone call, Elishia related to her aunt that Appellant was attempting to molest her while she was on the phone, and that he had taken the nude photographs of her. Ms. Mollett told Elishia to stay on the phone with her cousin, Heather, while Ms. Mollett went to another phone to call the police. After the telephone conversation was over, Elishia fled the mobile home and went to a neighboring trailer where she again called her Aunt. By the time this phone call was completed, the police had arrived at Appellant's home.
Pursuant to a search warrant, the police recovered from Appellant's residence five Polaroid photos of Elishia in various stages of nudity, obviously taken shortly prior to the police arriving at the scene. The police also recovered, among other things, a shotgun, a handgun, ammunition for both weapons, and nude photographs of other young girls.
Appellant was subsequently indicted on one count of sexual battery in violation of R.C. 2907.03(A), two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), one count of illegal use of a minor in nudity oriented material in violation of R.C. 2907.323(A)(1), one count of illegal use of a minor in nudity oriented material in violation of R.C. 2907.323(A)(2), and one count of having weapons under disability in violation of R.C.2923.13(A)(3). Prior to trial, the state dismissed the charge of sexual battery, and one of the charges of illegal use of a minor in nudity oriented material, the violation of R.C. 2907.323(A)(2). On October 13, 1998, a jury trial commenced on the remaining four charges, and on the following day, the jury returned a verdict of guilty on the remaining charge of illegal use of a minor in nudity oriented material, and the charge of having weapons while under disability. On November 23, 1998, Johnson was sentenced on the charge of illegal use of a minor in nudity oriented material to a term of eight years incarceration, and on the charge of having weapons while under disability to a term of twelve months incarceration, with the terms to run concurrently. The court further ordered Appellant to pay restitution in an amount of $6,300.
Appellant now appeals from his conviction and sentence, asserting four assignments of error for our review.
Assignment of Error I
 The jury erred in finding Appellant guilty of illegal use of a minor, nudity oriented material, as it was against the manifest weight of the evidence.
In reviewing a claim that a verdict is against the manifest weight of the evidence, an appellate court must:
 [Review] the entire record, [weigh] the evidence and all reasonable inferences, [consider] the credibility of witnesses, and [determine] whether when resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed * * *.
State v. Martin (1983), 20 Ohio App.3d 172, 175; State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In addition, a reviewing court should only sustain such an assertion and order a new trial "in the exceptional case in which the evidence weighs heavily against the conviction." Id.
Appellant argues here that the conviction was erroneous because the testimony of the victim, Elishia Welsh, was not sufficiently credible to establish that Appellant had taken the photographs. Appellant's argument is not well taken.
In order to establish the offense of illegal use of a minor in nudity-oriented material, the state was required to prove, among other things, that Appellant was the person who took the nude photographs of Elishia (State's Exhibits 2, 3, 4, 5 and 6). In satisfaction of this burden, the victim, Elishia Welsh, testified repeatedly on direct examination that Appellant took the photographs while she was in the shower and dressing thereafter. On cross examination, Elishia conceded that at one point after the arrest of Appellant, and after she had been placed into foster care, Elishia recanted this allegation and told a Department of Human Services caseworker that she had posed and taken these photographs herself, using the timer on Appellant's camera. Nonetheless, the victim further testified that this recantation was a lie and that she had recanted only because she was scared.
Thereafter, in an attempt to bolster Elishia's testimony, the state identified and authenticated State's Exhibit 9, which was Appellant's Polaroid camera, and demonstrated through unrefuted evidence that there was no timer feature on the camera that would have enabled Elishia to have taken the photographs herself. The state also elicited subsequent corroborating testimony from Debra Mollett and Heather Large, who stated that Elishia told them that Appellant had taken the photographs during the previously mentioned phone conversations that took place at the time of the offense.
Upon a review of the entire record, weighing all the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find that the jury did not clearly lose its way and did not create a manifest miscarriage of justice that would require a reversal of the conviction.
Appellant's first assignment of error is overruled.
Assignment of Error II
 The trial court erred in admitting photographs, Exhibits 19, 20 21 into evidence over objection of the defense when the prejudicial value outweighed the probative value, thereby violating Appellant's Constitutional right to due process.
In this assignment of error, Appellant argues that the trial court erred in refusing to exclude three photographs of young girls, other than Elishia Welsh, which were seized pursuant to a consensual search of Appellant's camera bag and the execution of a subsequent search warrant. Two of the pictures depicted young girls with their breasts exposed and the other portrayed a young female wearing a bra.
Although Appellant was not brought to trial for the possession of these items, the photographs were nevertheless discussed during the jury proceedings. It is apparent from the record, however, that defense counsel initiated the discussions by eliciting related testimony from Elishia on cross-examination in an effort to impeach the witness. Having had the "door opened" to the subject of these additional photographs, the state then asked Elishia about the pictures on redirect wherein she stated that Appellant had kept photos of many young women, some showing their breasts, in his camera case. Elishia identified a few of the girls, who ranged in age from twelve to seventeen. Defense counsel did not object to this line of questioning.
Some time later in the proceedings, the state had the photographs marked for evidence and they were identified through the direct testimony of Lt. Al Gill, the officer who investigated the instant charges. At that point, defense counsel entered an objection to the admission of the photographs on the basis of prejudice and lack of foundation.
We will first address Appellant's argument regarding the prejudicial effect of the photographs. It is well settled that the determination of whether photographs meet the test for admissibility rests within the sound discretion of the trial court. State v. Slagle (1992), 65 Ohio St.3d 597, 601; State v. Mauer (1984), 15 Ohio St.3d 239, 264. This court must not interfere with a trial court's balancing of probative value and prejudicial effect "unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby * * *." Slagle, 65 Ohio St. 3d at 602, quoting State v. Hymore (1967),9 Ohio St.2d 122, 128.
In this case, we cannot find that the trial court abused its discretion in admitting these three photographs because they were relevant to the issue of Elishia's credibility, which was under direct attack, and because any prejudicial effect that the pictures might have had was already before the jury pursuant to defense counsel's own questioning of the minor victim. Moreover, Appellant has failed to specifically articulate how he was prejudiced by the admission of the photographs. For these reasons, we find that the photographs were properly admitted.
Having found that the prejudicial effect of the photographs was not substantial enough to warrant exclusion, we now turn to discuss Appellant's argument that the trial court erred in admitting the pictures because the state failed to lay the proper foundation. Evid. R. 901 states that "testimony that a matter is what it is claimed to be" is sufficient to authenticate the evidence. "The threshold standard does not require conclusive proof of authenticity, but only enough evidence for the trier of fact to conclude that the item is what the proponent claims it to be." State v. Easter (1991), 75 Ohio App.3d 22, 25.
In this situation, the admission of these photographs was not for the purpose of proving the content of the photos, but simply for the purpose of demonstrating that they existed and were found where the victim said they would be. The record demonstrates that the proper foundation was laid by the testimony of Lt. Gill who stated that all three of these exhibits presented in court accurately depicted the photographs he saw and recovered at the scene. We find that this foundation, under the circumstances for which the exhibit was offered, was sufficient.
Based upon the foregoing, we reject Appellant's assertions that the trial court erred in admitting the photographs of these other young females.
Appellant's second assignment of error is overruled.
Assignment of Error III
 The trial court's imposition of $6,300 restitution constituted plain error.
At Appellant's sentencing hearing, the trial court ordered Appellant to pay "restitution for cost of therapy" in the amount of $6,300. At the outset, we must point out that Appellant failed to enter an objection to the amount of restitution ordered at the time of the hearing. Although it is a long-standing general rule that an appellate court need not consider alleged errors which were not objected to in the trial court, State v. Williams (1977),51 Ohio St.2d 112, we find it necessary to examine this issue on the basis of plain error.
Relevant case law states that plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." State v. Biros (1997), 78 Ohio St.3d 426, 431. For the following reasons, we conclude that plain error exists in this instance.
R.C. 2929.18(A)(1) provides that the trial court may sentence an offender to a financial sanction including "restitution by the offender * * * in an amount based upon the victim's economic loss." R.C. 2929.01 includes "medical cost * * * incurred as a result of the criminally injurious conduct" as part of the definition of economic loss. However, in ordering restitution, "there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." State v. Marbury (1995), 104 Ohio App.3d 179, 181, citing State v. Williams (1986), 34 Ohio App.3d 33, 34.
Here, the record fails to demonstrate that the amount of restitution bears a reasonable relationship to the victim's loss. It is apparent that in making the determination to order restitution, the trial court examined and relied upon a Victim Impact Statement, which has been made a part of the record on appeal. The record establishes that $450 of the award represents medical expenses incurred as of the date of sentencing; this amount represents six counseling sessions that were paid by Medicaid at the rate of $75 per session. The remainder of the restitution award, $5,850, represents an estimate of the cost of future counseling for the next eighteen months.
Although the Victim Impact Statement references these expenses, the restitution award was not verified as reasonable or necessary through any evidence or testimony. There was no testimony as to the likelihood or necessity of these medical expenses continuing for an additional eighteen months. Furthermore, there was no testimony or evidence indicating that these expenses were solely the result of the instant crime and not generally related to the status of the victim as a whole. Therefore, we conclude that the trial court committed plain error by ordering Appellant to pay an amount of restitution in the absence of evidence tending to prove that the award is reasonably related to the victim's loss. As a result of this conclusion, we find it appropriate to vacate the order of restitution and remand the cause for a hearing to allow the court to determine an appropriate award of restitution in accordance with the evidence.
Appellant's third assignment of error is sustained.
Assignment of Error IV
 The trial court committed an error of law by imposing a sentence contrary to R.C. 2929.11 through R.C. 2929.18.
The judgment of sentencing reflects that Appellant was sentenced on the count of illegal use of a minor in nudity-oriented material, a felony of the second degree, to the maximum term of eight years, and on the count of having weapons while under disability, to the maximum term of twelve months. The court further ordered both sentences to be served concurrently with one another. In this assignment of error, Appellant argues that the record is insufficient to support the imposition of the maximum sentences for the offenses for which he was convicted.
R.C. 2929.19(B)(2) states as follows:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by [R.C. 2929.14(A)], its reasons for imposing the maximum prison term.
In order to be able to impose the maximum sentence on an offender who has previously served a prison term, as in this case, R.C. 2929.14(C) provides, in relevant part, that the court:
 [M]ay impose the longest term authorized for the offense only upon offenders who committed the worst forms of the offense, * * * [or] who pose the greatest likelihood of committing future crimes * * *.
Pursuant to R.C. 2953.08(G)(1), a reviewing court may vacate a sentence and remand it to the trial court for resentencing if the appellate court finds clearly and convincingly that: "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law."
In State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported, we analyzed the Ohio felony sentencing statutes, the means for their fulfillment by the trial court, and the standard for appellate review of such sentences. There, we held that it is the trial court's findings under R.C. 2929.03,2929.04, 2929.11, 2929.12, 2929.14 and 2929.19 which, in effect, determine a particular sentence and that a sentence unsupported by those findings is both incomplete and invalid. Further, we concluded that such findings must be made on the record at the sentencing hearing.
In so holding, we rejected the rule set forth in our earlier opinion in State v. Lazenby (Nov. 13, 1998), Union App. No. 14-98-39, unreported, requiring the trial court to include such findings in its sentencing judgment entry, although we expressed the further view that the better practice would be to do so.
The holding in Martin, in effect, also rejects the rule set forth in State v. Wood (Nov. 25, 1998), Van Wert App. No. 15-98-14, unreported. The holding of Wood attempts to fashion an exception to the rule of Lazenby that the findings must be set forth in the sentencing entry. This holding, however, permits an inference that the presence of evidence in the record supporting the sentencing is sufficient to comply with the sentencing statutes, whether or not the findings were expressly made by the trial court.
Therefore, in Martin, we expressly rejected the holdings in both Lazenby and Wood to the extent that they were inconsistent with the rules announced in Martin. Our adoption of Martin obviated the need to limit, expand, modify or distinguish those of Lazenby and Wood, and provides clear guidelines to the trial courts and counsel for sentencing.
In Martin, we require trial courts to strictly comply with the aforementioned sentencing statutes. This means that at the sentencing hearing, the trial court must clearly recite the findings required by the statutes and, when necessary, state the particular reasons for making those findings.
In applying the "strict compliance" standard to the instant matter, we find in this case, the trial court specifically found "that this defendant poses the greatest likelihood of committing future offenses as demonstrated by his lack of remorse, his apparent lack of truthfulness to this court." Thereafter, the trial court specifically found "that under this circumstance that with respect to the charge of illegal use of a minor in nudity oriented material in Count IV and respect to having a weapon under disability in Count VI, that the defendant committed the worse [sic] form of the offenses." Therefore, the trial court made the requisite statutory findings and stated its reasons for doing so.
Appellant's fourth assignment of error is overruled.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the Court of Common Pleas of Auglaize County is affirmed in part, reversed in part, and the cause is remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
BRYANT, P.J., and SHAW, J., concur.