JOURNAL ENTRY and OPINION
Appellant Warren Berman appeals the trial court's order awarding $15,888.27 in restitution against him after he pled guilty to a fifth degree felony theft charge. Berman challenges the amount of restitution ordered and assigns the following as error for our review:
 WARREN BERMAN HAS BEEN DEPRIVED OF HIS PROPERTY WITHOUT DUE PROCESS OF LAW BY THE TRIAL COURT'S RESTITUTION ORDER WHICH WAS NOT SUPPORTED BY THE RECORD.
Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
On November 16, 2000, a Cuyahoga County grand jury indicted Berman under R.C. 2913.02 for theft of between $5,000 and $100,000 worth of jewelry from his employer, JR Jewelry Store. Berman subsequently pled from the charged fourth degree felony to a fifth degree felony of the same offense. On February 1, 2001, the trial court found Berman guilty and set a date for sentencing.
At the sentencing hearing, the trial court considered imposing restitution in favor of Jamil Baalbaky, the owner of JR Jewelry Store. In deciding to award restitution, the court heard from Berman as well as Baalbaky via videotape in which he gave information regarding the method of theft and the value of the jewelry stolen by Berman. The court also had before it a list of property stolen by Berman including a retail appraisal by another jeweler totaling $31,766.55. This list was provided under cover of a letter from Baalbaky's attorney. Upon considering the information before it, the trial court found restitution in favor of Baalbaky in the amount of $15,888.27, the estimated wholesale value of the items Berman stole.
In this appeal, our standard of review of the trial court's decision, is abuse of discretion.[1] In determining restitution, a trial court abuses its discretion if evidence of the actual loss does not support the amount of restitution awarded.[2] Furthermore, "the term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *."[3]
Here, the trial court heard from Berman who testified that he stole between twelve and fifteen pieces from the store, then a few anniversary bands and some gold jewelry, and a couple of colored stone rings." Further, the total cost to the jeweler to replace the stolen items was about $2,000, remarkably less than the amount claimed by Baalbaky and awarded by the trial court.
In the itemized list submitted to the court, Baalbaky reported that Berman stole over one hundred items over a four-month period. Essentially, the trial court was required to weigh the credibility of Berman's statement that he stole a relatively few number of items valued at $2,000 versus Baalbaky's testimony that Berman stole over one hundred items wholesale valued at half of $31,766.55, or $15,888.27. In resolving the conflict, the court found Baalbaky, the victim more credible than Berman, the perpetrator, and thus awarded restitution in the amount Baalbaky demonstrated as his economic loss.
Based upon the circumstances apparent from the record, the trial court did not abuse its discretion. The evidence of actual loss presented by Baalbaky supports the trial court's award. He provided the court with an itemized list of all jewelry stolen and provided an evaluation from a third-party jeweler. Even considering the conflict between Baalbaky's and Berman's valuations, we cannot say the trial court's attitude was unreasonable, arbitrary or unconscionable in awarding Baalbaky restitution in the amount of $15,888.27. Accordingly, Berman's assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] See State v. Marbury (1995), 104 Ohio App.3d 179.
[2] See Id.
[3] State v. Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894,898; State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173,404 N.E.2d 144, 149.