DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas which, following a guilty plea, sentenced appellant David Dearing to consecutive sentences of seventeen months and seven years and ordered appellant "to pay any restitution, all prosecution costs and any fees permitted pursuant to R.C. 2929.18(A)(4)." Appellant was convicted of grand theft of a motor vehicle, in violation of R.C.2913.02(A)(1) and (B)(5), a felony of the fourth degree, and robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree. Appellant's convictions arose as a result of stealing his grandmother's car on November 25, 2001, on his way home from being released from prison, and then, the following day, demanding, in a note, money from a teller at Fifth Third Bank, threatening that he would return and "shoot" the teller for lack of compliance.
 {¶ 2} Appellant appeals his sentence and raises the following sole assignment of error:
 {¶ 3} "The trial court erred when it ordered the defendant-appellant to pay court-appointed court costs and to make an unspecified, unsubstantiated sum of restitution."
 {¶ 4} Pursuant to R.C. 2947.23, the trial court was required to "include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." However, with respect to the trial court's ability to order a defendant to pay "any fees permitted pursuant to R.C. 2929.18(A)(4)", this court previously held in State v. Holmes
(Nov. 8, 2002), 6th Dist. No. L-01-1459, 2002-Ohio-6185, ¶ 21, the following:
 {¶ 5} "R.C. 2929.18(A)(4) allows a trial court to impose as part of a sanction the costs of confinement. Before imposing such a sanction, however, `the court shall consider the offender's present and future ability to pay the amount of the sanction[.]' R.C. 2929.19(B)(6). Although the court is not required to hold a hearing to make this determination, R.C. 2929.18(E), there must be some evidence in the record that the court considered the offender's present and future ability to pay the sanction imposed. State v. Fisher (Apr. 29, 2002), Butler App. No. CA98-09-190."
 {¶ 6} In this case, there is nothing in the record which would indicate that the trial court considered appellant's present and future ability to pay "any fees permitted pursuant to R.C. 2929.18(A)(4)." Nothing from the presentence investigation report reveals that appellant has any means by which to pay the fees and the trial court did not question appellant regarding any present or future ability to pay. Moreover, there was no evidence in the record from which a court could infer that appellant had a present or future ability to pay. Appellant was indigent during the present court proceedings, had just been released from prison prior to the instant offenses, and suffers from a long-term drug addiction problem. Accordingly, we find it was plain error for the trial court to order appellant to pay "any fees permitted pursuant to R.C. 2929.18(A)(4)."
 {¶ 7} With respect to the trial court's ability to order restitution, this court previously held the following in State v. King, (Feb. 27, 1998), Wood App. No. WD-97-015:
 {¶ 8} "In an order of restitution, the amount of restitution must bear a reasonable relationship to the loss suffered. State v. Marbury
(1995), 104 Ohio App.3d 179, 181; see, also, R.C. 2929.18(A)(1). Thus, it is held that restitution is limited to the actual loss caused by the defendant's criminal conduct for which he was convicted. State v.Brumback (1996), 109 Ohio App.3d 65, 82. There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. Id. at 83;State v. Warner (1990), 55 Ohio St.3d 31, 69."
 {¶ 9} Although restitution was ordered in this case, there was no evidence in the record concerning the amount of restitution, for what loss the restitution was ordered, or even to what victim the restitution was to go. Accordingly, we find there was insufficient basis in the record to sustain an order for restitution in this case.
 {¶ 10} On consideration whereof, we find appellant's sole assignment of error well-taken. The judgment of the Lucas County Court of Common Pleas is therefore reversed as to the court's order that appellant pay restitution and any fees permitted pursuant to R.C. 2929.18(A)(4). This case is remanded to the trial court for further proceedings to determine appellant's present and future ability to pay any fees permitted pursuant to R.C. 2929.18(A)(4) and to further consider the issue of restitution. The state is ordered to pay the costs of this appeal.
 JUDGMENT REVERSED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., Arlene Singer, J. JUDGE CONCUR.