DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is before the court following the Lucas County Court of Common Pleas' April 15, 2002 judgment entry which sentenced appellant, Prentice Edwards, to four years of imprisonment and ordered appellant "to pay any restitution, all prosecution costs and any fees permitted pursuant to R.C.2929.18(A)(4)." From this sentence, appellant raises the following assignment of error:
 {¶ 2} "The trial court erred when it ordered the defendant-appellant to pay unspecified court costs, fees, and to make an unspecified, unsubstantiated sum of restitution."
 {¶ 3} As this court held in State v. Dearing, 6th Dist. No. L-02-1050, 2003-Ohio-2524, the trial court properly assessed the costs of prosecution pursuant to R.C. 2947.23. However, with respect to the trial court's order that appellant pay "any fees pursuant to R.C. 2929.18(A)(4)," a court may impose the costs of confinement as part of the sanction. Id. at ¶ 5. However, before imposing such a sanction, "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6). "`Although the court is not required to hold a hearing to make this determination, R.C.2929.18(E), there must be some evidence in the record that the court considered the offender's present and future ability to pay the sanction imposed. State v. Fisher (Apr. 29, 2002), Butler App. No. CA98-09-190, 2002 Ohio 2069.'" Dearing at ¶ 5, quotingState v. Holmes, 6th Dist. No. L-01-1459, 2002-Ohio-6185, ¶ 21.
 {¶ 4} In the present case, appellant was found indigent and was appointed trial counsel. There is no indication in the record that the court inquired of appellant's present or future ability to pay. Accordingly, the trial court erred by ordering appellant to pay "any fees permitted under R.C. 2929.18(A)(4)."
 {¶ 5} As to the court's order of restitution, this court has held:
 {¶ 6} "In an order of restitution, the amount of restitution must bear a reasonable relationship to the loss suffered. Statev. Marbury (1995), 104 Ohio App.3d 179, 181, 661 N.E.2d 271; see, also, R.C. 2929.18(A)(1). Thus, it is held that restitution is limited to the actual loss caused by the defendant's criminal conduct for which he was convicted. State v. Brumback (1996),109 Ohio App.3d 65, 82, 671 N.E.2d 1064. There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. Id. at 83; State v. Warner (1990), 55 Ohio St.3d 31,69, 564 N.E.2d 18." State v. King (Feb. 27, 1998), 6th
Dist. No. WD-97-015.
 {¶ 7} In this case, the court's April 15, 2002 judgment entry ordered appellant to "pay any restitution." The record is devoid of evidence concerning the amount of restitution, for what loss the restitution was ordered, or to what victim the restitution would go. Accordingly, the record is insufficient to support an order of restitution.
 {¶ 8} Based on the foregoing, we find that appellant's sole assignment of error is well-taken as to the court's order to pay fees and restitution, and is not well taken concerning the court's order to pay costs.
 {¶ 9} On consideration whereof, this court finds that the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This case is remanded to the trial court for further proceedings to determine appellant's present and future ability to pay any fees permitted under R.C.2929.18(A)(4) and to further consider the issue of restitution. The state is ordered to pay the costs of this appeal.
Judgment affirmed in part and reversed in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., Judith AnnLanzinger, J. Concur.