[Cite as *State v. Walters*, 2012-Ohio-4056.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97792

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PHILLIP S. WALTERS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553462

**BEFORE:** Cooney, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** September 6, 2012

[Cite as *State v. Walters*, 2012-Ohio-4056.]

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Marcus A. Henry
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Phillip S. Walters ("Walters"), appeals the trial court's order of restitution. Finding merit to his appeal, we reverse and remand to vacate the restitution order.

{¶2} In November 2011, after a bench trial, Walters was convicted of burglary, a felony of the third degree. He was sentenced to 30 days in jail, 180 days of house arrest, community work service, and restitution in the form of costs associated with counseling for the victim.

{¶3} Walters now appeals, arguing in his sole assignment of error that the trial court erred when it issued a restitution order without competent, credible evidence that the victim suffered a loss. The State concedes and seeks a hearing to allow the presentation of such evidence.

{¶4} On appeal, we review a lower court's order of restitution for an abuse of discretion. *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995); *see also State v. Berman*, 8th Dist. No. 79542, 2002-Ohio-1277. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

**{¶5}** However, Walters did not object at his sentencing hearing to the order of restitution. Thus, he waived all but plain error. *State v. Jarrett*, 8th Dist. No. 90404, 2008-Ohio-4868, ¶ 13, citing *Marbury*. Crim.R. 52(B) provides that "plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, in order to prevail under a plain error analysis, the appellant bears the burden of demonstrating that the outcome of the proceedings clearly would have been different but for the error. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus.

**{¶6}** R.C. 2929.18(A) allows a sentencing court, as part of a sentence, to impose "restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.01(M) defines "economic loss" as "any economic detriment suffered by the victim as a result of the commission of a felony and includes any * * * medical cost * * * incurred as a result of the commission of the felony."

**{¶7}** Prior to ordering restitution, however, a sentencing court must engage in a "due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." *State v. Borders*, 12th Dist. No. CA2004-12-101, 2005-Ohio-4339, quoting *Marbury*, 104 Ohio App.3d 181, 661 N.E.2d 271. "The amount of restitution must be supported by competent, credible evidence from which the court can discern the amount of

restitution to a reasonable degree of certainty." *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (6th Dist.1999).

{¶8} In the instant case, the trial court ordered Walters to pay restitution to the victim to cover the costs of counseling. Walters argues, however, and the State agrees, that no competent or credible evidence was submitted from which the court could discern the specific amount of restitution to a reasonable degree of certainty. The victim admitted that she had not received any counseling at the time of the sentencing hearing, nor was any evidence presented regarding the duration or anticipated cost of such sessions.

{¶9} The trial court does not need to conduct a hearing to ascertain the reasonableness of the restitution if there is enough evidence in the record to substantiate the relationship of the offender's criminal conduct with the amount of the victim's loss. *State v. Brumback*, 109 Ohio App.3d 65, 83, 671 N.E.2d 1064 (9th Dist.1996). Clearly, in the instant case, there was no evidence presented regarding any economic loss.

{¶10} The State concedes that the trial court abused its discretion in ordering restitution in the form of payment for the victim's counseling and requests this court remand to the trial court for a hearing to be held on the issue. However, the State conceded at argument that the victim had not received any counseling before sentencing. Thus, we find that the trial court erred in ordering restitution to the victim without any competent or credible evidence that any economic loss had occurred.

{¶11} Accordingly, Walter's sole assignment of error is sustained.

¶12} Judgment reversed and case remanded to vacate the restitution order.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR