[Cite as *State v. Walls*, 2014-Ohio-3502.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100801**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CAMERON S. WALLS

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569419-A

**BEFORE:**   Stewart, J., Blackmon, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   August 14, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Joseph J. Ricotta
Brett Hammond
Anthony T. Miranda
Assistant County Prosecutors
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1}  As part of a guilty plea to the charge of receiving a diamond ring as stolen property, defendant-appellant Cameron Walls agreed that he would pay restitution in an amount to be determined at sentencing.  The person who bought the ring testified that he paid $3,200 for it, but offered no receipts or appraisals to verify that statement, nor did he describe the size or quality of the diamonds.  Walls's sole assignment of error on appeal is that this testimony was insufficient to establish the value of the ring.

{¶2}  R.C. 2929.18(A)(1) permits the court to order restitution as a financial sanction "in an amount based on the victim's economic loss."  "Economic loss" is defined by R.C. 2929.01(L) as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense[.]"  The court may consult several sources when determining the amount of economic loss, including "an amount recommended by the victim[.]"  R.C. 2929.18(A)(1).  Although the decision to impose restitution is discretionary with the court, its determination of the amount of loss is a factual question that we review under the competent, credible evidence standard.  *State v. Warner*, 55 Ohio St.3d 31, 69, 564 N.E.2d 18 (1990);  *State v. Didion*, 173 Ohio App.3d 130, 2007-Ohio-4494, 877 N.E.2d 725, ¶ 20 (3d Dist.).

{¶3}  The ring was purchased from a New York jeweler as an anniversary gift for the purchaser's wife.  The purchaser did not have a receipt nor could he obtain a copy of the receipt because the jeweler had gone out of business.  He likewise had no appraisals

on the ring, nor was it insured. Nevertheless, the purchaser firmly recalled paying $3,200 for the ring: "I had paid $1,200 for her wedding ring that I roughly got her about 4 or 5 years earlier. And I wanted to up the ante on a more beautiful, nice ring, and that was what I wanted to pay. I wanted to pay around $3,000. It turned out to be $3,200." Tr. 28. Although the purchaser had no written documentation of the purchase price, he did describe the ring as being custom-made with "a white gold link and the diamonds went around the top of the ring," further stating, "[t]hat's the way my wife enjoyed it. She liked that kind of setting. I made sure that each stone or diamond went around there. It was good diamonds. So each one was a good diamond to make it more beautiful, I guess should [sic] I say." *Id.*

{¶4} Walls argues that the value of the ring could not be proven merely upon a declaration of the amount of the loss. He maintains that under the circumstances, the state was required to offer documentary evidence of value because he had no ability to rebut the purchaser's declaration.

{¶5} The court could find the purchaser's testimony was competent and credible evidence supporting the economic detriment suffered by the victim. While a receipt or appraisal may have been superior evidence of the ring's value, there were no heightened evidentiary standards required to prove the amount of loss. We presume that an owner of property has special knowledge of the value of that property and is qualified to express an opinion concerning it. *See, e.g., Tolkes & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 625, 605 N.E.2d 936 (1992) (the "owner-opinion" rule presumes that owners

of personal or real property are "generally quite familiar with their property and its value," and are "permitted to testify on value by virtue of their ownership alone."); *State v. Pesec*, 11th Dist. Portage No. 2006-P-0084, 2007-Ohio-3846, ¶ 40. This presumption is consistent with the R.C. 2919.18(A)(1) directive that the victim of a crime who suffers economic loss can recommend the amount of that loss.

{¶6} The court was free to believe the purchaser because his firm recollection of the price he paid for the ring meets all the standard criteria for what constitutes credible evidence. As Walls concedes, his guilty plea necessarily admitted his possession of the ring, so the purchaser's loss was palpable. The stated purchase price of the ring fell within the dollar range for a fifth-degree felony count of receiving stolen property under R.C. 2913.51(A) (between $1,000 and $7,500), so it provided a reasonable basis for the amount of the loss. The purchaser's opinion concerning the value of the ring was subject to cross-examination, and defense counsel did question the purchaser about his failure to produce a receipt or other documentary evidence to prove the ring's value. It was left to the court to determine the ring's value as a question of fact, primarily on the basis of whether it found the purchaser's testimony credible.

{¶7} In concluding that the court had competent, credible evidence of the ring's value, we note that Walls's reliance on our decision in *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995), is not on point. In *Marbury*, we reversed an order of restitution for want of evidence because the amount ordered was purely speculative. The owner of a restaurant, suspicious that his night manager was stealing

from the till, installed a surveillance camera that documented the night manager stealing $310 in one week.   Based on the owner's testimony that his gross receipts increased after he fired the night manager, the court ordered an award of restitution of $300 per week for a period of 66 weeks — the length of time that the night manager worked at the restaurant — but reduced that amount by roughly one-third, for a total amount of restitution of $12,000.   We held that "the restitution amount ordered cannot be said to bear a reasonable relationship to the actual losses suffered since the actual losses were never shown with reasonable certainty * * *."   *Id*. at 181-182.   In this case, there was no guess-work — the purchaser firmly recalled the purchase price of the ring, so the amount of loss was established with reasonable certainty.

{¶8}   The assigned error is overruled.

{¶9} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
TIM McCORMACK, J., CONCUR