[Cite as *State v. Canales*, 2017-Ohio-8735.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105514**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARWIN CANALES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AS MODIFIED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-609359-A

**BEFORE:** McCormack, J., Kilbane, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 30, 2017

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
55 Public Square, Suite 2100
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Anna Woods
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1}   Defendant-appellant Darwin Canales appeals from his conviction and order of restitution following a guilty plea. For the reasons that follow, we affirm the conviction and modify the order of restitution.

**Procedural and Substantive History**

{¶2}   On August 20, 2016, Canales broke into the home of his ex-girlfriend, held a knife to her throat, and threatened to kill her.   The victim was able to call the police. Canales left the scene in the victim's car.   Upon arriving at the scene, police transported the victim to a safe location and proceeded to look for Canales.

{¶3}   When the victim was still in a safe location, Canales returned to her home. Police arrested him as he was fleeing from the home.

{¶4}   On September 14, 2016, a grand jury indicted Canales on eight counts: Counts 1 and 2 were for aggravated burglary, a felony of the first degree; Count 3 was for aggravated robbery, a felony of the first degree; Count 4 was felonious assault, a felony of the second degree; Count 5 was robbery, a felony of the second degree; Count 6 was grand theft, a felony of the fourth degree; Count 7 was assault, a misdemeanor of the first degree; and Count 8 was aggravated menacing, a misdemeanor of the first degree. Counts 1 through 5 included notice of prior conviction and a repeat violent offender specification.

**{¶5}** On September 16, 2016, Canales was arraigned on these charges, entered pleas of not guilty, and was appointed counsel. Canales subsequently retained an attorney to represent him in this case.

**{¶6}** On December 6, 2016, the trial court held a plea hearing. The trial court engaged in a plea colloquy with Canales, and Canales ultimately pleaded guilty to Counts 5 through 8. The trial court accepted the plea and stated that Canales was ordered to pay restitution.

**{¶7}** On January 12, 2017, the trial court held a sentencing hearing. The court heard from the prosecutor, who indicated that the damages to the victim's car were estimated at $1,993.39 and the damages to the victim's house were estimated at $525. The prosecutor stated that she had receipts for these amounts and approached the bench, presumably to provide the court with the receipts.

**{¶8}** Canales's counsel then addressed the court, and finally Canales addressed the court and apologized to the victim and to the court.

**{¶9}** The trial court then terminated Canales's probation in a separate case and sentenced him to five years on count five, one year on count six, and six months on counts seven and eight. The sentences were to run concurrent, for a total sentence of five years with a mandatory three years of postrelease control. The court also ordered restitution in the amount of $1,993 for the car and $553 for the door.

**{¶10}** Canales filed this delayed appeal challenging his conviction and order of restitution.

**Guilty Plea**

{¶11} In his first assignment of error, Canales maintains that his guilty plea was not entered knowingly, intelligently, and voluntarily because the court failed to adequately inform him of the consequences of his plea.

{¶12} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶13} In order to ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

> (2)    In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

> (a)    Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶14} With respect to the nonconstitutional rights described in Crim.R. 11(C)(a), such as the maximum penalty advisement, a substantial compliance standard applies. *Stewart* at 92. A trial court's slight deviation from the text of the rule is permissible under this standard, so long as the totality of the circumstances indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶15} After a thorough review of the plea hearing, we conclude that the trial court fully complied with Crim.R. 11 in ensuring that Canales's plea was knowing, intelligent, and voluntary.

{¶16} Here, the record indicates the court conducted a full Crim.R. 11 hearing before accepting Canales's plea. The trial court explained the maximum penalties involved in Count 5, recited all of the constitutional rights that Canales was waiving and

ensured that he understood these rights, and then explained the maximum penalties associated with Counts 6, 7, and 8.

{¶17} Canales emphasizes the order of the trial court's advisements at the plea hearing in an attempt to argue that the trial court did not substantially comply with Crim.R. 11. Specifically, Canales asserts that it is problematic that the trial court's explanation of the constitutional rights he would be waiving took place prior to its explanation of the maximum penalties for three of the counts to which he pleaded guilty.

{¶18} The transcript shows that the structure of the Crim.R. 11 colloquy was not intentional; the prosecutor needed to remind the trial court that Canales would be pleading guilty to Counts 6, 7, and 8 in addition to Count 5. While the colloquy may not have been a model of clarity, it satisfied the requirements of Crim.R. 11. The rule requires the court to conduct a plea colloquy prior to accepting a defendant's guilty plea, but it does not mandate an order in which the court must address the requirements. Here, the trial court informed Canales of the maximum penalties for all four counts to which he pleaded guilty, and it ensured that he understood those penalties prior to accepting his guilty plea.

{¶19} Accordingly, in light of Canales's knowing, voluntary, and intelligent plea agreement, his first assignment of error is overruled.

**Restitution**

**{¶20}** In his second assignment of error, Canales argues that the trial court committed plain error when it ordered an amount of restitution that is unsupported in the record.

**{¶21}** Because Canales did not object to the restitution order at the plea hearing or the amount of restitution ordered at sentencing, he waived all but plain error review. *State v. Jarrett*, 8th Dist. Cuyahoga No. 90404, 2008-Ohio-4868, ¶ 14, citing *State v. Marbury*, 104 Ohio App.3d 179, 181, 661 N.E.2d 271 (8th Dist. 1995).

**{¶22}** Crim.R. 52(B) provides that: "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." We invoke plain error only if we find exceptional circumstances in a case that require reversal to prevent a manifest miscarriage of justice. *State v. Landrum*, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990), citing *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

**{¶23}** Before imposing restitution upon a defendant, a trial court must engage in a "due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." *State v. McLaurin,* 8th Dist. Cuyahoga No. 103068, 2016-Ohio-933, ¶ 13, citing *State v. Borders*, 12th Dist. Clermont No. CA2004-12-101, 2005-Ohio-4339, quoting *Marbury* at 181.

**{¶24}** In this case, the court ordered restitution in the amount of $1,993 for damages to the victim's car and $553 for damages to the door of the victim's home. The restitution amount for damages to the victim's house is $28 greater than that reflected by

the receipt in the record, and nowhere else in the record is this discrepancy explained. Trial courts are expressly permitted to base restitution payments on "estimates or receipts indicating the cost of repairing or replacing property." R.C. 2929.18(A)(1). While restitution may be based on an estimate, the rule further provides that "the amount the court orders as restitution shall not exceed the amount of economic loss suffered by the victim." Because the record includes a receipt for a specific amount of economic loss, the imposition of restitution in excess of that amount was in error. Accordingly, we modify the restitution order to reflect $525 in damages for the home and remand for a journal entry reflecting this modification.

{¶25} Judgment affirmed as modified and remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence. The trial court is hereby directed to vacate its prior sentencing order journalized [date] and issue a journal entry consistent with this opinion. The trial court is further directed to take all necessary administrative steps to inform the prison system of appellant's modified sentence.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for modification and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS, J., CONCUR