[Cite as *State v. Jackson*, 2013-Ohio-3136.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99059**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEONARDO JACKSON

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-542567

**BEFORE:** Celebrezze, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Eric M. Levy
55 Public Square
Suite 1600
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Steven N. Szelagiewicz
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Leonardo Jackson, appeals the sentence imposed after he pled guilty to one count of burglary. Appellant argues that the sentence imposed should not have included restitution for certain items of property stolen from the victim and that the court failed to fully consider or appreciate his steps toward rehabilitation. After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶2} On June 16, 2010, while Andrew Diak was sleeping in his hospital room at the Cleveland Department of Veterans Affairs hospital, appellant entered his room and stole Diak's bag that was attached to his wheelchair. Contained within was Diak's wallet, $10 in currency, his Social Security card, Ohio driver's license, veteran and military identification, credit card, and his cell phone.

{¶3} Appellant was indicted on October 20, 2010, on charges of burglary, with a notice of prior conviction and repeat violent offender specification, and theft of a credit card. He could not be located, and a capias warrant was issued for his arrest on November 3, 2010. Appellant was taken into custody on May 7, 2012. He initially pled not guilty, but changed his plea as part of a negotiated plea agreement with the state. On August 20, 2012, appellant pled guilty to burglary in violation of R.C. 2911.12(A)(1), a second-degree felony. The other charge and the specifications were dismissed. The plea agreement also called for appellant to make restitution in the amount of $10. The

trial court accepted appellant's plea, ordered a presentence investigation report, and set sentencing for September 18, 2012.

{¶4} At sentencing, the court went through the presentence investigation report and allowed appellant and his attorney to make a statement. Agent Todd Springer, with the Department of Veterans Affairs, also read a statement that had been dictated to him by Diak. The trial court reviewed appellant's significant prior criminal history, his long history of drug dependency, and the status of the victim, a paraplegic Air Force veteran injured while serving the country. The trial court found that the crime appellant committed was despicable. It also found that appellant's significant prior criminal history, including a prison sentence in Indiana, which he was currently serving, demonstrated that rehabilitation was unlikely. While appellant did take full responsibility for his actions and showed remorse, the trial court determined that lengthy incarceration was necessary to protect the public and punish appellant for his crime. The court then imposed a seven-year sentence, to be served concurrently to the prison term he was serving in Indiana.

{¶5} The court also heard from the state on restitution. The state reviewed the items that Diak reported stolen. The state estimated the value of some of the items using the values indicated in the police report, but did not put forth a value for the leather wallet. The court ordered appellant to pay restitution in the amount of $205: $10 in currency, $150 for a cell phone, $30 for a wallet, and $15 for a bag. The court then

ordered appellant to pay court costs and informed him of postrelease control. Appellant appealed assigning two errors:

> I. The trial court erred when it imposed an order of restitution under a dismissed charge without evidence of the value of the items for which restitution was ordered and without considering appellant's ability to pay.

> II. The trial court erred and imposed a sentence contrary to law when it failed to properly consider and apply R.C. 2929.12 factors prior to imposing sentence and otherwise abused its discretion when it imposed a grossly excessive seven year sentence upon appellant.

## II. Law and Analysis

### A. Amount of Restitution

{¶6} First, appellant claims the trial court could not impose restitution above the $10 he agreed to pay as part of the plea deal. At sentencing, the trial court specifically asked appellant twice if he had any objection to the restitution amounts for the individual items and for the total amount. Appellant did not object or otherwise contest the values the trial court gave to each item. Therefore, appellant has waived all but plain error. *State v. Marbury*, 104 Ohio App.3d 179, 181, 661 N.E.2d 271 (8th Dist.1995). Plain error is defined as "errors or defects affecting substantial rights * * *." Crim.R. 52(B).

{¶7} The Supreme Court of Ohio has applied a three-prong test for recognizing plain error.

> First, there must be an error or a deviation from a legal rule. Second, the error must be plain, meaning it must be an obvious defect in the trial proceedings. Third, the error must have affected the outcome of the trial. Moreover, even if the error meets each the three prongs, the reviewing court is not required to correct the error.

(Citations omitted.) *State v. Seitz*, 11th Dist. No. 2001-P-0123, 2003-Ohio-1879, ¶ 14. *See also State v. Hartman*, 93 Ohio St.3d 274, 2001-Ohio-1580, 754 N.E.2d 1150.

{¶8} R.C. 2929.18(A)(1) permits a trial court to impose on defendants the financial toll suffered by victims of crimes, but provides certain guidelines for doing so. A trial court can order, as a financial sanction, an amount of restitution to be paid by an offender to his victim "based on the victim's economic loss." *Id.* The statute advises,

> the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

*Id.* The statute also requires a hearing on the amount of restitution, but only if the amount is contested.

{¶9} "'Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes * * * any property loss * * *." R.C. 2929.01(L).

{¶10} Appellant argues that he was not indicted for theft of the items for which he was ordered to pay restitution, and he did not plead guilty to theft of those items.

{¶11} Appellant reads the statute too narrowly. R.C. 2929.18(A)(1) gives the trial court the ability to impose restitution for loss suffered by the victim that is the "direct and proximate result" of the criminal conviction. Here, the losses Diak suffered were the direct and proximate result of appellant's burglary. In other cases where burglary convictions have resulted in restitution, courts have had no problem with awarding

restitution for all the items of property taken, even where only a burglary conviction resulted. *See, e.g., State v. Hipsher*, 12th Dist. No. CA2011-12-128, 2012-Ohio-3206, ¶ 11.

{¶12} Appellant points to *State v. McDonald*, 8th Dist. No. 95651, 2011-Ohio-1964, for support. In that case, this court partially reversed a restitution order. McDonald had been charged with passing bad checks, burglary, criminal damaging, and menacing. She entered a negotiated plea to one count of passing bad checks and one count of menacing. The trial court imposed restitution in the amount of $6,900: $1,800 for the amount of the check and $5,100 for back rent and damage to a door. This court determined that the trial court had no authority to award any amount for past due rent because it was unrelated to the criminal conviction. *Id.* at ¶ 20. This court also determined that, because the criminal damaging charge had been dismissed, the court also had no authority to award any amount of restitution for damage to a door. *Id.* This is because damage to property was unrelated to the criminal conviction of passing bad checks.

{¶13} The present situation is distinguishable. Appellant deprived Diak of his property when he committed the crime of burglary by entering Diak's room and stealing several items. The loss of these items is the direct and proximate result of the burglary. Therefore, the trial court did not err in imposing restitution for the items appellant stole from Diak.

**{¶14}** Further, it must be noted that appellant's attorney gave a statement at sentencing that indicated appellant wished to pay restitution above the $10 he had agreed to in his plea agreement with the state. Appellant's attorney stated, "[t]he victim had indicated that $10 was stolen. In addition, a cell phone and a number of IDs. And Mr. Jackson would like to be able to make restitution for those items."

**{¶15}** Appellant's wish to pay for the items he stole from Diak invited the error of which he now complains. The "invited error doctrine" prohibits parties from raising an error on appeal that they invited or induced the trial court to make. *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359, 1994-Ohio-302, 626 N.E.2d 950; *Center Ridge Ganley, Inc. v. Stinn*, 31 Ohio St.3d 310, 313, 511 N.E.2d 106 (1987). Therefore, any argument that the trial court had no authority to impose restitution for the items taken is contrary to appellant's position at sentencing and precluded by this doctrine.

**{¶16}** Appellant also argues that sufficient evidence of value does not exist in the record. "To establish the amount of restitution within a reasonable certainty, there must be some competent, credible evidence. Sufficient evidence of the amount of restitution may appear in the record." *State v. Carrino*, 8th Dist. No. 67696, 1995 Ohio App. LEXIS 1950, *3 (May 11, 1995), citing *State v. Warner*, 55 Ohio St.3d 31, 69, 564 N.E.2d 18 (1990).

**{¶17}** Here, the evidence supporting the valuation for each of the objects stolen is found in the police report, with the exception of the wallet. At sentencing, the state brought to the court's attention the items that Diak had reported were taken from his room

that were included in the police report. Those items included a small bag, a cell phone, several government-issued identification cards, and $10. The wallet was not listed, and the state had no evidence of value for it, so the court set an amount of $30, without objection from appellant when specifically asked. The court also set a value of $15 for the bag and $150 for the cell phone, which were the values indicated in the police report. The values placed on these items by the trial court are supported in the record. The court also asked if appellant had any objections, and appellant's attorney indicated he did not. The court did not impose restitution on the identification cards, even though obtaining replacement cards would present a significant hardship to the victim because he was in the hospital and was not mobile. The court noted this, but indicated it did not have any idea of value for these cards, so it declined to impose restitution for these items.

{¶18} The imposition of $30 in restitution for a leather wallet in the absence of evidence of value is not something this court chooses to recognize as plain error because this does not constitute "a manifest miscarriage of justice." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus (Courts are to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice").

{¶19} Appellant also argues that the trial court failed to consider his ability to pay restitution. Again, without objection from appellant below, he has waived all but plain error. R.C. 2929.19(B)(5) instructs a sentencing court to consider the defendant's ability

to pay before imposing a restitution sanction under R.C. 2929.18. Even if the trial court erred in this respect by failing to consider appellant's ability to pay, this court declines to find that the imposition of $205 in restitution is a manifest miscarriage of justice that requires us to notice plain error.

{¶20} Appellant's first assignment of error is overruled.

### C. Excessive Sentence

{¶21} In his second assignment of error, appellant argues that the sentence imposed by the trial court is contrary to law and an abuse of discretion.

{¶22} According to this court's opinion in *State v. A.H.*, 8th Dist. No. 98622, 2013-Ohio-2525, this court will no longer review felony sentences under the rubric established by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See also State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, ¶ 10. We review sentences under the standard set forth in R.C. 2953.08(G). This statute directs that our review is not whether the trial court abused its discretion, but whether the sentence imposed is clearly and convincingly contrary to law. R.C. 2953.08(G)(2) ("The appellate court's standard for review is not whether the sentencing court abused its discretion"). Our analysis requires an examination of the record to determine if the trial court's sentence is so unsupported that it is contrary to law.

{¶23} Appellant claims the trial court failed to consider the mitigating factors in R.C. 2929.12 that should have been used to reduce the length of his sentence and that the court placed too much emphasis on the identity of the victim.

**{¶24}** R.C. 2929.12 requires the trial court to consider factors relating to the seriousness of the conduct, the likelihood of the offender's recidivism, the offender's service in the armed forces of the United States, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

**{¶25}** Appellant cites to drug treatment, anger management, and college classes he has taken while incarcerated in Indiana as evidence that he has turned his life around. But, before imposing sentence, the trial court stated the following:

> The Court has considered all this information, all the principles and purposes of felony sentencing, the appropriate recidivism and seriousness factors. Mr. Jackson, this is really a despicable crime because of the victim.
>
> * * *
>
> And our veterans have a tough enough time in our country after they put their lives on the line for our freedom for our country, they should feel safe while being treated in the hospital. And it's a good question; I don't know what kind of person goes in there and steals from a disabled paraplegia in a wheelchair veteran. I mean it's despicable, it really is.
>
> * * *
>
> And this is testament to how serious that crack cocaine addiction is because, you've got to be — you have no sense of anyone else's feelings when all you want to do is feed your addiction. That's really what was going on with you, which I don't doubt was part of it. But I look over your criminal history and, I mean, you have been doing violent crimes since 1993 — I'm sorry, 1979 with Judge Griffin; attempted kidnapping, felonious assault, carrying concealed weapon. And another case, aggravated burglary, with Judge Griffin. And another one in San Antonio in 1981. And then another one in Dallas County, burglary. In 1983 in Shaker Heights another aggravated burglary. In 1984 in Dallas, burglary. In 1993 in Shaker, B and E. 2001, aggravated robbery with firearms. And in 2001 in our county. And then this attempted armed robbery out in Fort Wayne, Indiana.

And, you know, you went to prison in all of those cases. You went in and out of prison and you haven't been able to rehabilitate yourself in any way whatsoever. And it's sad.

And the only option I see as far as what I can do with you is to separate you from our society for a period of time so that you are not victimizing other people. And this time you victimized the most defenseless, helpless person who deserved all of our help and all of our good feelings that we could possibly give a veteran; and here you are going in the VA hospital and stealing from people. This is really just a terrible, despicable crime.

You are not amenable to community controlled sanctions, I'm going to find, and send you for seven years to Lorain Correctional Institution.

**{¶26}** Based on this recitation, appellant's sentence is not clearly and convincingly contrary to law. The court weighed the factors in R.C. 2929.12 and determined that appellant required a significant period of segregation from society. That conclusion is supported in the record. Appellant's argument is essentially that the trial court imposed a sentence that is too harsh. "Such 'abuse of discretion' claims are not a proper ground for appeal, R.C. 2953.08(A), or a matter for which R.C. 2953.08(G) permits appellate review." *State v. Furrow*, 2d Dist. No. 03CA19, 2004-Ohio-5272. The trial court did not ignore the mitigating factors in R.C. 2929.12, but found that the aggravating factors weighed more heavily in favor of a sentence near the maximum allowed for a second-degree felony.[1] Accordingly, appellant's second assignment of error is overruled.

### III. Conclusion

---

[1] The maximum sentence for a single, second-degree felony is eight years incarceration. R.C. 2929.14(A)(2).

{¶27} Appellant's sentence, including restitution, is not contrary to law. Appellant asked the court to impose restitution for all the items of property taken from Diak, and the trial court's findings on the value of that property was not plain error necessitating reversal. Appellant's seven-year sentence is also not clearly and convincingly contrary to law.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR