[Cite as *State v. Bement*, 2013-Ohio-5437.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99914

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM BEMENT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-571792

**BEFORE:** Boyle, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 12, 2013

**ATTORNEY FOR APPELLANT**

Kenneth J. Lewis
Kenneth J. Lewis Co., L.P.A.
1220 West 6th Street
Suite 502
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, William Bement, appeals his sentence, raising a single assignment of error:

> Whether the trial court erred and abused its discretion in sentencing the appellant too harshly.

{¶3} Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶4} On February 5, 2013, Bement was sentenced in Rocky River Municipal Court and placed on probation for his conviction of operating a motor vehicle under the influence. Following the sentencing hearing, Bement returned home, began drinking, and posted the following threats on his Facebook page for his "friends" to read: "People need to stop shooting up schools and start shooting cops in courthouses"; "I'm on board. Load up." Bement further threatened: "Fuck Rocky River Court. Kill your local judges."

{¶5} After one of Bement's Facebook friends notified the police, Bement was subsequently indicted on two counts of retaliation, violations of R.C. 2921.05(A), felonies of the third degree. Bement reached a plea agreement with the state wherein he pleaded guilty to an amended count of attempted retaliation, a felony of the fourth degree, and the remaining charge was dismissed. The trial court accepted the plea and then referred the case for a presentence investigation report.

{¶6} At sentencing, the trial court confirmed that Bement's counsel and the prosecutor had an opportunity to review the presentence report. Bement's counsel indicated that he had "no issues with the contents." The trial judge then heard from Bement, who expressed remorse for his actions. Bement's counsel further addressed the court, urging the court to allow Bement to return home to his family and his job given that he had already served 70 days in jail and learned a valuable lesson. Bement's counsel further emphasized that Bement's offense involved "words" only and not acts of violence, nor was he "planning on carrying anything out."

{¶7} The trial judge questioned Bement's reasoning for his threats on Facebook when the trial judge only gave him probation. He responded that "[i]t was just the way I was being spoke to. It was just there was a lot of things building up. It's not even just to do with the courts in general. It's just a lot of things were getting to me." The trial judge asked for clarification as to Bement's reference to "the way they spoke to you." He responded:

> She was like — you know, like normally you would be given the option of like a three-day hotel stay. She told me she wanted to see me in jail and she didn't want to give me that option. And then they were trying to throw on restitution that I already had taken care of, which was like $4,000 and that's why my attorney had gone back in the courtroom.

{¶8} The trial judge further asked Bement the meaning of his threat, "I'm on board. Load up." Bement indicated that "[i]t was just a figure of speech. It meant nothing. It was almost like song lyrics." He further indicated that he did not want to

shoot the cops in the courthouse and that he said that just "to be rash" — "just doing it for shock factor."

{¶9} The court also heard from the prosecutor, who discussed the effect that Bement's actions have had on the Rocky River Municipal Court judge that sentenced him, including that the judge "has told her husband and children that they need to be more vigilant as a result of the defendant's threat that day." The prosecutor further read a statement from the municipal court judge, wherein she expressed her opinion that Bement deserves "some jail time." After acknowledging that "the defendant cannot be kept in jail forever," the judge expressed her interest in Bement "being on a very, very long and very, very strict probation."

{¶10} The trial court ultimately imposed a prison term of 17 months. The court further informed Bement that he was subject to three years of postrelease control with the following conditions: (1) no alcohol and drugs, (2) mental health counselling, (3) anger management, and (4) no contact with the victim, the victim's place of employment, and the victim's family.

{¶11} From this order, Bement now appeals.

Excessive Sentence

{¶12} In his sole assignment of error, Bement argues that the trial court abused its discretion in failing to follow the statutory mandates of R.C. 2929.11 and 2929.12, thereby imposing a sentence that was "too harsh." We find his argument to lack merit.

**{¶13}** We do not review felony sentences under an abuse-of-discretion standard. R.C. 2953.08(G)(2). Rather, we may

> increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if we determine that "the record clearly and convincingly * * * does not support the sentencing court's findings under [various provisions]; [or] [t]hat the sentence is otherwise contrary to law.

*Id.*

**{¶14}** Contrary to Bement's assertion, the trial court was not required to make any findings on the record in imposing a "near maximum" sentence. Indeed, there are no longer any specific findings or reasons a court must give in order to impose maximum sentences. *State v. Calliens*, 8th Dist. Cuyahoga No. 97034, 2012-Ohio-703, ¶ 28; *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶ 82. Thus, we must determine if Bement's sentence was otherwise contrary to law.

**{¶15}** The court's only guide in this case was the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the serious and recidivism factors set forth in R.C. 2929.12. R.C. 2929.11(A) provides that

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

**{¶16}** Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors, including the seriousness of the defendant's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

**{¶17}** There is still no "mandate," however, for the sentencing court to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 49, citing *Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶ 78; *State v. Putnam*, 11th Dist. Lake No. 2012-L-026, 2012-Ohio-4891, ¶ 9. Instead, the "trial court still has the discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Jones* at ¶ 49. Furthermore, "[w]e can presume from a silent record that the trial court considered the appropriate factors unless the defendant affirmatively shows that the court has failed to do so." *State v. Bohannon*, 1st Dist. Hamilton No. C-130014, 2013-Ohio-5101, ¶ 7; *State v. Parsons*, 3d Dist. Auglaize No. 2-10-27, 2011-Ohio-168, ¶ 15.

**{¶18}** Based on the record before us, we find that Bement's sentence is not clearly and convincingly contrary to law. Here, the trial court imposed a sentence within the sentencing range. Bement fails to overcome the presumption that the trial court considered the appropriate factors in R.C. 2929.11 and 2929.12 in imposing a prison term. Indeed, the trial court ordered a presentence investigation report prior to sentencing, which indicated that Bement had been convicted of several felonies, including

breaking and entering and drug possession offenses. The trial court further considered the impact of Bement's actions on the victim and the victim's family. And while Bement characterizes his stated "remorse" and inability to own a gun as strong mitigating factors favoring a lesser sentence, the trial court has the discretion to disagree and determine a sentence that satisfies the overriding purpose of Ohio's sentencing structure. *State v. Jackson*, 8th Dist. Cuyahoga No. 99059, 2013-Ohio-3136, ¶ 26 (rejecting defendant's argument that the trial court ignored mitigating evidence and imposed a sentence that is "too harsh").

{¶19} As for Bement's claim that his sentence is not proportionate with sentences imposed for similarly situated offenders, Bement did not raise the issue of proportionality at the sentencing hearing. Nor did he present evidence as to what a "proportionate sentence" might be. Thus, he has not preserved the issue for appeal. *State v. Burt*, 8th Dist. Cuyahoga No. 99097, 2013-Ohio-3525, ¶ 39.

{¶20} Bement's sole assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR