[Cite as *State v. Tharp*, 2014-Ohio-1623.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100112**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RYAN THARP

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-571157

**BEFORE:** Kilbane, J., S. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**ATTORNEY FOR APPELLANT**

Kenneth J. Lewis
Kenneth J. Lewis Co., L.P.A.
1220 West 6th Street
Suite 502
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Jennifer A. Driscoll
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Ryan Tharp ("Tharp"), appeals from the sentence imposed upon his conviction for child endangering and domestic violence. Having reviewed the record and controlling case law, we affirm.

{¶2} On March 1, 2013, Tharp was indicted pursuant to a six-count indictment in connection with alleged attacks on a four-year-old child from January 25-26, 2013. Counts 1-3 charged him with endangering children in violation of R.C. 2919.22(B)(1), (3), and (4), all with furthermore specifications alleging that Tharp's actions resulted in serious physical harm to the child. Count 4 charged Tharp with felonious assault in violation of R.C. 2903.11(A)(1). Count 5 charged him with kidnapping, in violation of R.C. 2905.01(A)(3), and Count 6 charged him with domestic violence, in violation of R.C. 2919.25(A).

{¶3} Tharp pled not guilty to the charges, but then on May 29, 2013, he entered into a plea agreement with the state of Ohio and pled guilty to the first count of endangering children and the domestic violence charge. The remaining charges were dismissed. On July 1, 2013, the trial court sentenced Tharp to eight years in prison and three years of postrelease control sanctions for child endangerment. On January 23, 2014, the trial court issued a nunc pro tunc sentencing order in which it sentenced Tharp to eight years in prison and three years of postrelease control for child endangering and time served for 151 days for domestic violence.

{¶4} Tharp assigns the following error for our review:

The trial court erred and abused its discretion in sentencing Appellant to a maximum sentence.

{¶5} A defendant's right to appeal a sentence is based on specific grounds stated in R.C. 2953.08(A):

In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

* * *

(4) The sentence is contrary to law.

{¶6} A reviewing court may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if we determine that "the record clearly and convincingly * * * does not support the sentencing court's findings under [various provisions]; [or] [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶7} In imposing a sentence, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶8} In accordance with R.C. 2929.11, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(A).

{¶9} Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors, including the seriousness of the defendant's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶10} The sentencing court is not required, however, to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437; *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497. Instead, the trial court still has the discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *Bement* at ¶ 17, citing *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 49.

{¶11} Here, the trial court sentenced Tharp to eight years in prison. The statutory range for endangering children, a felony of the second degree, is from two to eight years. *See* R.C. 2929.14(A)(2). The sentence is therefore within the permissible statutory range. Tharp argues that the sentence is erroneous because the trial court did not make specific findings on the record to support the maximum term. He also argues that the trial court failed to consider the mitigating factors offered by the defense, such as his employment, his substance abuse struggles, and prior good conduct.

{¶12} In accordance with R.C. 2929.11, and 2929.12, the trial court stated that it considered the overriding purposes of felony sentencing, to protect the public and punish the offender using the minimum sanctions to accomplish those purposes and without imposing an undue burden on governmental resources. (Tr. 19-20.) The court also stated that it considered the relevant seriousness and recidivism factors, and indicated in its journal entry that it considered all factors required by law. This is sufficient to fulfill its obligations under the sentencing statutes. *See State v. Clayton*, 8th Dist. Cuyahoga No.

99700, 2014-Ohio-112; *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61.

{¶13} Furthermore, the court received sentencing memoranda from the state and from defense counsel and was informed that Tharp had drug- and alcohol-related problems. The trial court noted that the victim was a child of tender years and has autism. The court further noted that the victim suffered a broken leg, bruising and swelling on his back and genitals, sustained cuts on his wrists and knuckles, burns on his hands, a bruise on his eye, and had blood around his liver. The court also observed that Tharp was the boyfriend of the child's mother and his relationship with the child facilitated the offense. The court did not find his explanation that the child sustained his injuries when he fell during a snowball fight to be credible. The court also concluded that, during the time period of the offenses, Tharp manifested a violent disposition.

{¶14} In accordance with all of the foregoing, the sentence is not clearly and convincingly contrary to law. The assignment of error is without merit.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR