[Cite as *State v. Geballa*, 2016-Ohio-3321.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103353**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT GEBALLA, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-594775-A

**BEFORE:** S. Gallagher, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 9, 2016

**ATTORNEY FOR APPELLANT**

Raymond R. Froelich
2100 Salem Parkway
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Carl Sullivan
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Robert Geballa, Jr., appeals his conviction and eight-year aggregate sentence imposed on nine counts of pandering of sexually oriented matter, 29 counts of the illegal use of a minor in nudity-oriented material or performance, and one count of possessing criminal tools. Geballa had over 400 pictures and one video depicting child pornography on his computer. All the prison terms were imposed to be served concurrently. Geballa claims his trial counsel rendered ineffective assistance of counsel for failing to provide mitigating factors at sentencing and the trial court erred by failing to make findings pursuant to R.C. 2929.11. We find no merit to the arguments presented.

**{¶2}** Geballa's first assignment of error — that his attorney stood silent at sentencing and failed to present mitigating evidence — is contrary to the record. As noted by the state, Geballa's counsel did in fact present mitigating factors before the sentences were imposed, through the presentence investigation report and the reading of a social worker's recommended plan that would enable Geballa to avoid prison while complying with the law. In addition, even if we presumed a deficient performance based on that argument, Geballa has only addressed the first prong of the standard of review. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial). Geballa has

not demonstrated, let alone argued, that the deficient performance deprived him of a fair proceeding. Nothing in the record demonstrates that more mitigation material, if any existed, would have resulted in a lesser sentence. The failure to prove either prong is fatal. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52. As a result, we must overrule his first assignment of error.

{¶3} Finally, we summarily overrule the second assignment of error, in which Geballa claims the trial court erred by not making any findings pursuant to R.C. 2929.11 or by imposing a maximum sentence without considering the statutory criteria, including mitigating factors. Findings are not required pursuant to R.C. 2929.11. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 14 (findings for a maximum sentence are not statutorily required). Further, at the sentencing hearing and again in the sentencing entry, the trial court expressly indicated it considered all sentencing factors as required by law, and as we already noted, the trial court fully considered the mitigating factors presented. The second assignment of error is not based on the record or relevant law and must be overruled.

{¶4} The conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR