[Cite as *State v. Ward*, 2021-Ohio-3580.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ANTHONY WARD | : | Case No. 21-CA-3 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Case No. 20CR08-0196


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                October 4, 2021


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CHARLES T. MCCONVILLE                   TODD W. BARSTOW
117 East High Street                    261 West Johnstown Road
Suite 234                               Suite 204
Mount Vernon, OH  43050                 Columbus, OH  43230

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Anthony Ward, appeals his February 12, 2021 sentence by the Court of Common Pleas of Knox County, Ohio.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 20, 2020, the Knox County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05.  Said counts arose from an incident between appellant, 32 years old at the time, and a fifteen-year-old minor.

{¶ 3}   On January 12, 2021, appellant pled guilty to an amended count of sexual battery in violation of R.C. 2907.03 and the gross sexual imposition count was dismissed. A sentencing hearing was held on February 11, 2021.  By sentencing entry filed February 12, 2021, the trial court sentenced appellant to fifty-four months in prison.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S FELONY SENTENCING STATUTES."

I

{¶ 6}   In his sole assignment of error, appellant claims the trial court erred in sentencing him in contravention of the felony sentencing statutes.  We disagree.

{¶ 7}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in

the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 9} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶ 10} There is no dispute that the fifty-four month sentence is within the statutory range for a felony in the third degree. R.C. 2929.14(A)(3)(a).

{¶ 11} Appellant argues the trial court failed to consider the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 12} R.C. 2929.11 governs the overriding purposes of felony sentencing and states the following in pertinent part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary

burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 13} R.C. 2929.12 governs factors to consider in felony sentencing and states the following in pertinent part:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and

the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶ 14} R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. Likewise, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Therefore, although there is a mandatory duty to "consider" the relevant statutory factors under R.C. 2929.11 and 2929.12, the sentencing court is not required to engage in any factual findings under said statutes. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17; *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52. "The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 19.

{¶ 15} As recently stated by the Supreme Court of Ohio in *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the

evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at 42.

{¶ 16} During the plea hearing, appellant admitted he was currently on postrelease control until 2023. January 12, 2021 T. at 5; R.C. 2929.12(D)(1) and (2). He also admitted to the brief statement of facts as set forth by the prosecutor (*Id.* at 13-14):

On the 28th day of July 2020, in the County of Knox and State of Ohio, Mr. Anthony Ward did engage in sexual conduct with M.K., whose date of birth is 11/18 of 2004. She was not his spouse at the time. Mr. Ward knowingly coerced her to engage in that sexual conduct by means that would present - - prevent resistance by a person of ordinary resolution.

{¶ 17} During the sentencing hearing, the trial court heard from the victim's grandmother and how the victim suffers from fear and anxiety, has suffered severe emotional harm, and will receive counseling for years to come. February 11, 2021 T. at 5-6; R.C. 2929.12(B)(1) and (2). The trial court stated it reviewed the presentence investigation report and letters from family members, and considered the purposes and principles of sentencing contained in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *Id.* at 9-10. The trial court found "a prison term is consistent with the purposes of Revised Code Section 2929.11, and the defendant is not amenable to an available community control sanction. *Id.* at 10. The trial court journalized these statements in its sentencing entry filed February 12, 2021. In the entry, the trial court stated the following:

For the reasons stated and for other relevant factors, the Court finds the Defendant's conduct is more serious than conduct normally constituting the offense the Defendant stands convicted of and that the Defendant is not amenable to an available Community Control Sanction and prison term is consistent with the purpose of felony sentencing contained in Ohio Revised Code Section 2929.11.

{¶ 18} Upon review, we find the sentence imposed is not clearly and convincingly contrary to law.  The sentence is within the statutory range for a felony of the third degree, and the trial court considered the R.C. 2929.11 and 2929.12 factors.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/db