**[Cite as *State v. Crowthers*, 2022-Ohio-2206.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case Nos. CT-2021-0066 |
| MARCUS CROWTHERS | : | CT-2021-0067 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case Nos. CR2021-0395 & CR2021-0490


JUDGMENT:                                       Affirmed


DATE OF JUDGMENT:                        June 27, 2022


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

TAYLOR P. BENNINGTON                 TODD W. BARSTOW
27 North Fifth Street                          261 West Johnstown Road
P.O. Box 189                                      Suite 204
Zanesville, OH  43701                        Columbus, OH  43230

*Wise, Earle, P.J.*

{¶ 1}  Defendant-Appellant, Marcus Crowthers, appeals his November 22, 2021 sentences by the Court of Common Pleas of Muskingum County, Ohio.  Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On July 29, 2021, the Muskingum County Grand Jury indicted appellant on one count of possession of drugs in violation of R.C. 2925.11 (5th degree felony) and one count of possession of drug paraphernalia in violation of R.C. 2925.14 (4th degree misdemeanor) (Case No. CR2021-0395).  Appellant was housed at the Muskingum County Jail on the pending charges along with a parole hold.

{¶ 3}  On August 4, 2021, appellant urinated in a cup and threw the contents into an adjacent cell housing two other inmates.  Appellant was infected with hepatitis C.  As a result, on September 8, 2021, the Muskingum County Grand Jury indicted appellant on two counts of harassment with a bodily substance in violation of R.C. 2921.38 (3rd degree felonies) (Case No. CR2021-0490).

{¶ 4}  On October 20, 2021, appellant pled guilty to all four counts.  A sentencing hearing was held on November 22, 2021.  By entries filed same date, the trial court sentenced appellant to nine months in prison on each of the harassment counts, to be served concurrently.  On the possession counts, the trial court sentenced appellant to an aggregate term of six months in prison, to be served consecutively to the nine month sentence for a total sentence of fifteen months.  The trial court also terminated appellant's postrelease control and imposed the remaining time, 1,414 days, to be served consecutively to the fifteen month sentence.

{¶ 5} Appellant filed an appeal in each case and this matter is now before this court for consideration. The assignment of error is identical in each case and is as follows:

I

{¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

I

{¶ 7} In his sole assignment of error in each case, appellant claims the trial court erred in sentencing him in contravention of the felony sentencing statutes. We disagree.

{¶ 8} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 10} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶ 11} There is no dispute that the sentences imposed herein are within the statutory ranges for felonies of the third and fifth degree and a misdemeanor of the fourth degree. R.C. 2929.14(A)(3)(b) and (5); R.C. 2929.24(A)(4). In fact, the trial court sentenced appellant to the minimums.

{¶ 12} Appellant argues the trial court failed to consider the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 13} R.C. 2929.11 governs the overriding purposes of felony sentencing and states the following in pertinent part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 14} R.C. 2929.12 governs factors to consider in felony sentencing and states the following in pertinent part:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶ 15} R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. Likewise, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Therefore, although there is a mandatory duty to "consider" the relevant statutory factors under R.C. 2929.11

and 2929.12, the sentencing court is not required to engage in any factual findings under said statutes. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17; *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52. "The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 19.

{¶ 16} As recently stated by the Supreme Court of Ohio in *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at 42.

{¶ 17} During the plea hearing, appellant admitted he was currently on postrelease control. October 20, 2021 T. at 7; R.C. 2929.12(D)(1). He did not dispute the statement of facts for each charge as set forth by the prosecutor. *Id.* at 13-16.

{¶ 18} During the sentencing hearing, the prosecutor and defense counsel informed the trial court that the recommended sentences were a joint recommendation. November 22, 2021 T. at 4-7. The prosecutor deferred to the trial court on the imposition of consecutive time for the postrelease control violation and defense counsel asked the trial court "to consider not terminating it at this time." *Id.* at 6-7. If the trial court was so

inclined to terminate postrelease control, defense counsel asked for a one year consecutive sentence to the joint recommended sentences. *Id.* at 7.

{¶ 19} The trial court heard how appellant has a long history of substance abuse and also suffers from mental illness. *Id.* at 6-8; R.C. 2929.12(A)(4). Appellant admitted to recently serving five years in prison and "I got high every day in prison" and engaged in a couple fights. *Id.* at 8-9. The trial court found this behavior to be significant. *Id.* at 9. The trial court sentenced appellant pursuant to the joint recommendation and then turned its attention to the postrelease control violation. *Id.* at 11.

{¶ 20} The trial court reviewed the presentence investigation report and appellant's criminal history dating back to 1998, including a previous violation of community control for offenses committed in 2005. *Id.* at 10, 12-14. The trial court noted appellant was recently out of prison for ten months during which he committed two felonies and did not seek treatment for his drug addiction. *Id.* at 14-15. The trial court considered the purposes and principles of sentencing contained in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12 and found "your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes" and "you are no longer amenable to the post-release control." *Id.* at 15. The trial court terminated appellant's postrelease control and imposed the remaining 1,414 days, to be served consecutively as required. *Id.* at 15-16; R.C. 2929.141(A)(1).

{¶ 21} Upon review, we find the trial court's sentence is not clearly and convincingly contrary to law. The trial court considered the R.C. 2929.11 and 2929.12 factors, properly imposed postrelease control, and sentenced appellant within the statutory ranges.

{¶ 22} The sole assignment of error in each case is denied.

{¶ 23} The judgments of the Court of Common Pleas of Muskingum County, Ohio are hereby affirmed.

By Wise, Earle, P.J.

Wise, John, J. and

Delaney, J. concur.

EEW/db