[Cite as *State v. Dingledine*, 2023-Ohio-4256.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 14-23-06

    v.

JEREMIAH LUZERN DINGLEDINE,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 21-CR-0212

**Judgment Affirmed**

Date of Decision:  November 27, 2023

APPEARANCES:

    *Liz O. Jones* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-Appellant, Jeremiah Dingledine ("Dingledine"), appeals the December 19, 2022 order from the Union County Court of Common Pleas that he make restitution to Derek Reisinger ("Reisinger") in the amount of $77,947.90. For the reasons that follow, we affirm.

## I.     FACTS AND PROCEDURAL HISTORY

{¶2} On October 12, 2021, Dingledine was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. The indictment arose from an incident in which Dingledine caused physical harm to Reisinger. On April 22, 2022, Dingledine entered a guilty plea to an amended count: aggravated assault in violation of R.C. 2903.12(A)(1), a felony of the fourth degree.

{¶3} On December 19, 2022, after Dingledine objected to the restitution amount requested by the State, the trial court held a hearing regarding restitution. Reisinger testified at the hearing. He said Dingledine injured him and, as a result of his injuries, he underwent three surgeries. Reisinger did not have insurance to pay for the medical treatment, and he started receiving bills. He submitted claims to the Crime Victims Compensation Program, but those claims were denied. Reisinger testified the medical bills total $77,947.90 and remain unpaid.

{¶4} During the hearing, the trial court "order[ed] restitution be paid to the victim, Derek Reisinger, in the * * * total amount of $77,947.90." (Dec. 19, 2022 Tr. at 33). The trial court then issued an entry regarding restitution and sentencing. That entry commands Dingledine to "make restitution to Derek Reisinger in the amount of $77,947.90, payable to the Union County Clerk of Courts." (Dec. 19, 2022 Journal Entry at 5). This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶5} Dingledine raises a single assignment of error for our review:

### Assignment of Error

**The trial court committed an abuse of discretion in finding unpaid medical costs to be "economic loss suffered by the victim as a direct and proximate result of" the defendant's convicted offense pursuant to R.C. 2929.18(A)(1) and R.C. 2929.01(L).**

## III. DISCUSSION

{¶6} Dingledine does not dispute that Reisinger received medical treatment for injuries related to the offense for which Dingledine was convicted, the amount of restitution, how that amount is comprised of bills for Reisinger's medical treatment ($77,783.65 from the Ohio State University Medical Revenue Group Collections and $164.25 from the Memorial Hospital Physicians Services), and how the amount is an unpaid obligation. Dingledine's appeal boils down to two assertions: (1) an unpaid medical bill is not an "economic loss"; and (2) by ordering

payment of unpaid medical bills to a victim, the trial court is, *de facto*, impermissibly ordering payment to a third party.[1]

### A.    Standard of Review

{¶7} We review a trial court's order of restitution for an abuse of discretion. *State v. Yerkey*, 7th Dist. Columbiana No. 19 CO 0044, 2020-Ohio-4822, *aff'd* 171 Ohio St.3d 367, 2022-Ohio-4298; *State v. Perkins*, 3d Dist. Marion No. 9-13-52, 2014-Ohio-2242, ¶ 10.  An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that 'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *State v. Weaver*, 171 Ohio St.3d 429, 2022-Ohio-4371, ¶ 24, quoting *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984).

### B.    Applicable Law

{¶8} The Ohio Constitution's victims' rights amendment, Article I, Section 10a (known as Marsy's Law) provides victims with the right to full and timely

---

[1] In his briefing, Dingledine says that another issue presented for our review is whether the trial court abused its discretion "in defining an alleged 'impact on credit score' as an 'economic loss' under R.C. 2929.18(A)(1) and R.C. 2929.01(L)."  (Appellant's Brief at 1).  However, the record does not show the trial court's restitution order was affected by any change to Reisinger's credit score.  The restitution amount matches the amount of unpaid medical bills.

restitution from the person who committed the criminal offense against them. *State v. Yerkey*, 171 Ohio St.3d 367, 2022-Ohio-4298, ¶ 1, 10. "Restitution in Ohio is limited to economic losses suffered by the victim as a direct and proximate result of the commission of the offense." *Id.* at ¶ 1, 15, citing R.C. 2929.18(A)(1), 2929.28(A), and 2929.01(L). Specifically, R.C. 2929.18(A)(1) states, in relevant part:

> * * * Financial sanctions that either are required to be or may be imposed pursuant to this section include, but are not limited to, the following: * * * Restitution by the offender to the victim of the offender's criminal offense or the victim's estate, in an amount based on the victim's economic loss. In open court, the court shall order that full restitution be made to the victim, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. * * * The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. * * * All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or the victim's estate against the offender. * * *

R.C. 2929.18(A)(1).

> **{¶9}** "Economic loss" is defined as:

> any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense, and the cost of any accounting or auditing done to determine the extent of loss if the cost is incurred and payable by the victim.

R.C. 2929.01(L). Economic loss "does not include non-economic loss or any punitive or exemplary damages." *Id.*

-5-

### C. Analysis

#### i. Economic loss

{¶10} Dingledine's argument that Reisinger's medical bills are not an "economic loss" because they are unpaid is incorrect. As shown above, economic loss includes a victim's medical cost *incurred* as a result of the commission of the offense. R.C. 2929.01(L). The term "incurred" does not mean "paid." *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, ¶ 23-24 ("[a]lthough the city paid only $312 in attorney fees, the full amount of $3,503 in attorney fees was incurred by the city"); *Black's Law Dictionary* (11th Ed.2019) (defining "incur" as "[t]o suffer or bring on oneself (a liability or expense)").

{¶11} Here, Reisinger incurred $77,947.90 in medical costs as a result of Dingledine's criminal offense. Because Reisinger is legally obligated or accountable to pay those costs, as demonstrated by his testimony and an exhibit admitted at the restitution hearing, these costs constitute an economic loss to Reisinger. *Black's Law Dictionary* (11th Ed.2019) (defining "liability" as "[t]he quality, state, or condition of being legally obligated or accountable"); *Marshall v. Cooper & Elliott*, 8th Dist. Cuyahoga No. 104934, 2017-Ohio-4301, ¶ 31 (relying on Black's Law Dictionary to define "incur" and "liability," and finding that legal fees are incurred under a statute "when a party has a legal obligation to pay them or otherwise becomes legally accountable for them, regardless of whether the fees have been or will be paid").

{¶12} Additionally, numerous courts have upheld restitution for a victim's medical costs incurred as a direct and proximate result of the offense. *E.g.*, *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 7, 9 (affirming restitution award for deceased victim's medical bills to victim's mother); *State v. Milenius*, 8th Dist. Cuyahoga No. 100407, 2014-Ohio-3585, ¶ 12-13 (affirming restitution award for portion of victim's medical bills directly resulting from defendant's attempted assault of victim). In *Geldrich*, the defendant-appellant argued there was no "actual economic loss" because the medical bills had not been paid and were now in collection. *Geldrich* at ¶ 9. The appellate court rejected this argument on policy grounds, explaining the argument "essentially advocates for a rule of law that permits only those individuals who can afford to pay a victim's medical costs and funeral expenses upfront to be entitled to recover those costs and expenses through an order of restitution," which "is inconsistent with the reasoning behind ordering an offender to pay restitution as part of his or her sentence." *Id.* Dingledine's argument that Reisinger's medical bills do not qualify as "economic loss" because they remain unpaid is without merit.

### ii.     Third-party recipient of restitution

{¶13} Also without merit is Dingledine's second argument: by ordering payment of unpaid medical bills to a crime victim, the trial court is de facto ordering payment to a third-party as prohibited by R.C. 2929.18(A)(1). As shown above, the law limits the parties to whom restitution can be made: "In open court, the court

shall order that full restitution be made to the victim, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court." R.C. 2929.18(A)(1); *see also State v. Dull*, 3d Dist. Seneca No. 13-12-33, 2013-Ohio-1395, ¶ 11 ("[p]ursuant to the plain language of R.C. 2929.18(A)(1), restitution may not be ordered payable to a third party"). Here, the trial court never ordered Dingledine to pay an impermissible third party. Instead, the trial court acted in accordance with R.C. 2929.18(A)(1), ordering Dingledine to make restitution to Reisinger in the amount of $77,947.90, payable to the clerk of courts.

{¶14} Finally, Dingledine argues that ordering payment to a victim who does not intend to pay a bill is *de facto* ordering payment to a third party and giving the victim an impermissible windfall. (Appellant's Brief at 10). However, we need not delve deeply into this argument because it is based on a faulty premise. Reisinger never testified he did not intend to pay the bills. Rather, he testified that he felt he should not be the one paying for the bills and, therefore, he had not yet paid the bills. (Dec 19, 2022 Tr. at 17). Additionally, Reisinger testified, "I honestly don't feel like I should be the one paying them because I'm not the one who harmed myself," yet the creditors were asking him to pay for the treatment. (*Id.* at 16-17). Finally, on cross-examination, in response to the question regarding whether he had "paid on any of these medical bills as we stand here in court today," Reisinger testified, "I have not paid nothing on them because I don't feel like I should be the one having

to pay them." (*Id*. at 20).  This testimony does not establish that, if Reisinger received restitution in the amount of the bills, he would not pay the bills.

## IV.  CONCLUSION

{¶15} For the foregoing reasons, Appellant's assignment of error is overruled.  Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Union County Court of Common Pleas.

*Judgment Affirmed.*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**